IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLARD MAX IMAMOTO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>Defendants. | Case No. 25-cv-00308-DKW-WRP<br><br>**ORDER (1) SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (2) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On July 23, 2025, Plaintiff Willard Imamoto, without counsel, initiated this proceeding with the filing of a Complaint, appearing to name as Defendants the City and County of Honolulu, the Honolulu Police Department, and a police officer identified only by an "ID No." Dkt. No. 1. Imamoto did so purporting to assert violations of various federal constitutional rights. Imamoto also filed an application to proceed in district court without prepayment of fees or costs (IFP Application). Dkt. No. 3. Therefore, pursuant to 28 U.S.C. Section 1915(a), the Court now screens the Complaint.[1]

---

[1] Specifically, the Court screens, and may dismiss, any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Having done so, this case cannot proceed with the Complaint as the operative pleading under applicable federal standards. The basic pleading principle in federal court is for a plaintiff, such as Imamoto, to provide a short and plain statement of his claims, Fed.R.Civ.P. 8(a), such that a claim is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint here does no such thing—not even close. Instead, over the course of 40-plus pages, Imamoto generally discusses case law, constitutional and statutory provisions, and government and/or law enforcement policies involving such things as "the homeless", "dog[] urination", and "illegal aliens". It is unclear, though, how any of this concerns Imamoto or relates to any claim he attempts to bring.

Therefore, to the extent Imamoto chooses to do so, the Complaint must be re-pled. At a most basic level, any amended complaint must clearly and concisely set forth the alleged facts and claims upon which this case is premised. First, the alleged facts. As currently written, the Court cannot clearly discern even a <u>single</u> fact in the Complaint. Notably, although the Complaint contains a purported "Factual Background" section, thereunder, Imamoto simply discusses a number of decisions from the U.S. Supreme Court. Dkt. No. 1 at 9-13. In other words, even the basic facts of this case, as set forth in what purports to be the "Factual Background", are unclear. Second, the potential claims. While Imamoto asserts

2

that various federal constitutional provisions are involved in this case, no section of the Complaint appears dedicated to his claims, the constitutional provisions are largely grouped together as one, and the alleged violations of the same are supported only with conclusory assertions. None of this is permitted. *See Iqbal*, 556 U.S. at 678.

Nonetheless, because Imamoto is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). With no clear facts and no clear non-conclusory claims, it is unknown whether amendment may cure the defects in the Complaint. It is, however, perhaps not impossible. Therefore, should he so choose, Imamoto may file an amended complaint.

In doing so, Imamoto must write short, plain statements alleging: (1) the legal right he believes was violated; (2) the name of the specific defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of his right; and (5) what specific injury he suffered because of a defendant's conduct. Imamoto must repeat this process, in separate and distinct claims, for each right he

believes was violated and each person or entity named as a defendant. **Failure to do so may result in any deficient claim and/or this action in its entirety being dismissed.** Further, in light of the content of the Complaint, any amended complaint Imamoto may file should <u>not</u> include discussion of legal cases or general principles of constitutional law. Such material is unnecessary in any amended complaint.

Imamoto may have until **August 26, 2025** to file an amended complaint. **Should Imamoto fail to file an amended complaint consistent with the guidance above by August 26, 2025, this action will be dismissed for failure to state a claim.**

The IFP Application, Dkt. No. 3, is HELD IN ABEYANCE pending the filing of any amended complaint.

IT IS SO ORDERED.

DATED: August 5, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge