IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLARD MAX IMAMOTO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>　　　　Defendants. | Case No. 25-cv-00308-DKW-WRP<br><br>**ORDER (1) SCREENING AND DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, (2) DENYING MOTIONS FOR DEFAULT AND SUMMARY JUDGMENT, AND (3) DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*[1]** |

Plaintiff Willard Imamoto, without counsel, initiated this proceeding with the filing of a Complaint and an application to proceed in district court without prepayment of fees or costs (IFP Application), the latter of which prompted the Court to screen the Complaint pursuant to 28 U.S.C. Section 1915(a).[2] The result was dismissal of the Complaint with leave to amend because Imamoto had not come close to alleging plausible claims using the short and plain statements required by Fed.R.Civ.P. 8(a). Dkt. No. 5. The IFP Application, meanwhile, was held in abeyance pending the filing of any Amended Complaint.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Pursuant to Section 1915(a), the Court screens, and may dismiss, any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

On August 18, 2025, Imamoto filed an Amended Complaint, appearing to name as Defendants the City and County of Honolulu, the Honolulu Police Department, and a police officer identified only by an "ID No." Dkt. No. 7. While the Amended Complaint is far from a model of clarity, Imamoto's principal alleged grievance appears to be the Defendants "intentionally target[ing] and criminaliz[ing] the homelessness existence and the disabled…." *Id*. at 9. In that regard, Imamoto appears to assert violations of his federal constitutional rights to due process and equal protection and against cruel and unusual punishment. Further, although there is no record that the Amended Complaint has been served on the Defendants, on September 8, 2025, Imamoto moved, in separate motions, for both default judgment and summary judgment against the Defendants. Dkt. Nos. 9-10. The Court addresses all of these matters below.

First, with Imamoto's IFP application still pending, the Court screens the Amended Complaint under Section 1915(a). Upon review of the same, Imamoto has again not come close to alleging any articulable, let alone plausible, claim. While surrounded and largely obscured by ubiquitously repetitive and conclusory language, Imamoto's principal grievance with the Defendants, as mentioned, appears to be his assertion that they have "intentionally targeted and criminalized" homeless and disabled people. *See* Dkt. No. 7 at 2-16. Imamoto's theory for this

2

assertion is that, although "dog owners", "photographers for wedding pictures", and "park users playing ball" have allegedly violated city ordinances "without repercussions", the "homeless[] and disabled" have allegedly received "1000 times plus more citations…." *Id*. at 1-3. Imamoto contends that this state of affairs violates various constitutional provisions, in particular his right to equal protection under the law.

An Equal Protection claim requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *abrogated on other grounds as stated in Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A plaintiff must also show that he is "similarly situated" to others treated differently. *See Lee*, 250 F.3d at 686. Homelessness and disability, however, are not protected classes. *Id*. at 687 ("the disabled do not constitute a suspect class for equal protection purposes") (quotation omitted); *Raiser v. City of Murrieta*, 2020 WL 6392846, at *5 (C.D. Cal. Nov. 2, 2020) (citing cases and finding that "homeless individuals are not a protected class."). Further, even if the law were otherwise, Imamoto does not allege that he is a member of either class. Notably, there are almost no factual allegations in the Amended Complaint related to Imamoto. The only discernible ones are that (1) he

3

was allegedly "found guilty of human habitation" in traffic court after not appearing for a hearing of which he was not informed, and (2) a different, unidentified charge was "dismissed without going to trial." *See* Dkt. No. 7 at 4. Given the complete lack of any other factual allegations concerning Imamoto, it is entirely unclear how these nuggets of information place him in either of the classes he alleges have received unequal treatment of the law.[3] Further still, given the lack of factual detail in the Amended Complaint, something which also plagued the original Complaint, it is impossible to discern how Imamoto is "similarly situated" to dog owners, photographers, or park users playing ball—the alleged groups receiving different treatment. In this light, the Amended Complaint does not come close to alleging an equal protection claim.

As for Imamoto's other claims, which also appear largely premised upon the alleged disparate treatment the homeless and disabled receive when compared to other groups, *see* Dkt. No. 7 at 6, it is again unclear how the lack of citations issued to those other groups affects *Imamoto's* right to due process or against cruel and unusual punishment. In other words, with one exception, there are no allegations in the Amended Complaint that *Imamoto* has not received the process to which he

---

[3] In alleging that the homeless and disabled have received "1000 times" the citations of other groups, such as dog owners, Imamoto does not allege that he has received even one. *See* Dkt. No. 7 at 2.

is due or received any punishment, let alone one that could be considered cruel and unusual.

The one exception is Imamoto's claim that he did not receive notice of a state court hearing and, thus, was found "guilty of human habitation". The Court notes that Imamoto does not appear to assert any specific due process claim related to this alleged lack of notice.[4] In any event, Imamoto would not be able to bring any such claim challenging his purported conviction. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1191-92 (9th Cir. 2015) (explaining that a claim challenging a State conviction or sentence is not cognizable under 42 U.S.C. Section 1983 unless the conviction or sentence has been reversed or otherwise declared invalid).

In this light, the Amended Complaint does not come close to alleging a plausible claim and, thus, is DISMISSED. The only remaining issue is whether to grant Imamoto further leave to amend. Upon review, the Court declines to provide another opportunity to do so. Notably, in dismissing the original Complaint and granting leave to amend, the Court explained the deficiencies with the same to Imamoto, provided him with guidance on the necessary pleading

---

[4]The Court further notes that, in relation to this alleged criminal proceeding, Imamoto cites "Exhibit A" as the "traffic court['s] decision" finding him guilty. Dkt. No. 7 at 4. Exhibit A, however, is not a decision of any court. Rather, the 25-page exhibit contains photographs of dogs and, on the first page, feces. *See generally* Dkt. No. 7-1.

standards in federal court, and warned that failure to following those instructions would result in dismissal for failure to state a claim. Dkt. No. 5 at 2-4. In response, the Amended Complaint, on its best day, is no closer to alleging actionable claims than the original. In other words, the opportunity to amend has not resulted in any constructive progression of this case. Further, in light of the liberally construed allegations in the Amended Complaint, which appear to largely involve conclusory assertions of constitutional violations and, as discussed, purported discrimination of groups that are not suspect classes or of which Imamoto is an alleged member, the Court does not find that further leave to amend is warranted here. As a result, dismissal is WITH PREJUDICE and WITHOUT LEAVE TO AMEND. For the same reasons, because Imamoto is clearly not entitled to the relief, his motions for default judgment, Dkt. No. 10, and summary judgment, Dkt. No. 9, are DENIED.

The IFP Application, Dkt. No. 3, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: September 16, 2025 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

Willard Max Imamoto vs. City and County of Honolulu, et al.; Civil No. 25-00308 DKW-WRP; **ORDER (1) SCREENING AND DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, (2) DENYING MOTIONS FOR DEFAULT AND SUMMARY JUDGMENT, AND (3) DENYING AS MOOT APPLICATION TO PROCEED** *IN FORMA PAUPERIS*